FILED
CLERK

6/12/2013 12:37 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X

TOWN OF SOUTHOLD,

     Plaintiff,

   -against-

GO GREEN SANITATION, INC. AND
FRANK FISHER, INDIVIDUALLY,

     Defendants.
-------------------------------------------------------X

**MEMORANDUM OF**
**DECISION AND ORDER**
12-cv-3837 (ADS)(AKT)

**APPEARANCES:**

**Smith, Finkelstein, Lundberg, Isler & Yakaboski, LLP**
*Attorneys for the Plaintiff*
456 Griffing Ave.
Riverhead, NY 11901
   By: Frank Isler, Esq., of Counsel

**Meyer, Suozzi, English & Klein, P.C.**
*Attorneys for the Defendants*
990 Stewart Ave.
Suite 300
Garden City, NY 11530
   By: Robert Angelillo, Esq., of Counsel

**SPATT, District Judge.**

On or about July 5, 2012, the Plaintiff Town of Southold (the "Plaintiff" or the "Town")

commenced an action in the Supreme Court of the State of New York, County of Suffolk against

the Defendants Go Green Sanitation, Inc. ("Go Green") and Frank Fisher ("Fisher" and

collectively the "Defendants"), seeking an injunction shutting down Go Green's recycling and

refuse collection business in the Town. Subsequently, on August 2, 2012, the Defendants

removed the action, uncontested, to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

Presently before the court is the Defendants' motion to amend their counterclaims and to join a new party.  However, in reviewing that motion it has come to the Court's attention that it lacks subject matter jurisdiction over this action.  As such and for the reasons that follow, the Court dismisses this action for lack of subject matter jurisdiction and remands this case back to the Supreme Court of the State of New York, County of Suffolk.

## I. BACKGROUND

Unless otherwise noted, the following facts are derived from the Notice of Removal and the exhibits attached thereto.

The Plaintiff is a municipal corporation organized and existing under New York State law, situated in and with its principal place of business in the county of Suffolk, New York.  The Defendant Go Green is a New York Corporation with its principal place of business in the Town of Southampton, New York. The individual Defendant Fisher is the President of Go Green and a citizen of the State of New York residing in Riverhead, New York.  At the time of the Complaint, Go Green operated a commercial carting operation, collecting and transporting refuse and recyclables in the Town of Southold.

The Town's Code requires any vehicle engaged in the commercial disposal of any material to obtain a permit from the Town.  A permit may be revoked by the Town Board after notice and a hearing.  The Code further prohibits collection of refuse from a residence if it is mixed with recyclables or for a carter to mix recyclables with refuse.  In addition, all residential garbage placed curbside for collection must be in a Town garbage bag ("yellow bags").  Collection of refuse not in a Town garbage bag is made unlawful by the Town Code.

As previously stated, on or about July 5, 2012 the Plaintiff commenced this action in the Supreme Court of the State of New York, County of Suffolk, seeking injunctive relief to shut down the Defendants' carting operations in the Town.

The Plaintiff alleged that Go Green operated its carting business in the Town without a permit. The Plaintiff further alleged that Go Green violated the Town's code provisions that required separate handling of refuse and recyclables and also those provisions which mandated the use of yellow garbage bags.  The Town further alleged that Go Green's "illegal business operations" caused harm to Go Green's competitors in the Town, who were "in compliance with the code and h[eld] commercial carter permits." (Notice of Removal Ex. A, ¶ 16, ECF No. 1-1). Moreover, the Town complained of diminished recycling volume entering the Town's Solid Waste Facility and dramatically reduced revenue from yellow bag sales from the time Go Green began operating in the Town.

In their Answer dated August 2, 2012, the Defendants claimed that Go Green was in fact issued a carter permit by the Town of Southold but that the permit was never delivered to them and was later revoked by the Town without notice or a hearing.  They further substantially denied all of the Plaintiff's allegations.

With their Answer, the Defendants also filed five counterclaims.  First, they asserted that the revocation of the carter permit without notice and a hearing was in violation of the Town Code as well as the due process clause and the civil rights guaranteed by the United States Constitution and Federal Law.  Second, they claimed that the revocation without notice and a hearing violated the Defendants' property rights under the Constitution and Federal Law.  As a Third and Fourth Counterclaim, they alleged that the revocation and attempts to shut down Go Green's business in the Town were done in order to benefit Go Green's competitors. They

3

therefore allege that the Town engaged in an unreasonable restraint of trade under the Sherman Act, 15 U.S.C. § 1 et seq., and under New York State law.  Finally, they contended that the Town's requirement that residents purchase yellow bags from the Town for all their garbage constituted a "user fee" for the Town Transfer Station but was imposed even on those who did not use the Town Transfer Station.  They therefore urged that this law constituted a tax beyond the Town's authority under the Town Law and was thus a violation of the Constitution and Federal Law.

On August 2, 2012, the Defendants filed a timely Notice of Removal, thereby removing the action to this Court pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446.  They argued that this Court could exercise jurisdiction pursuant to 28 U.S.C. § 1441 on the basis of the federal questions of due process, civil rights, and restraint of trade that arose from the Town's actions in revoking Go Green's permit.  The Plaintiff did not seek remand or otherwise challenge the removal and the thirty days afforded to them to do so have since expired.  However, remand based on lack of subject matter jurisdiction may be brought to the Court's attention and pursued at any time.  28 U.S.C. § 1447(c).

Previously, on July 23, 2012, the parties stipulated to a 120-day moratorium with regard to enforcement of the yellow bag law. The stipulation also allowed Go Green to continue operating in the Town through November 23, 2012.  The Defendants moved for a Temporary Restraining Order to extend that moratorium and the court held a hearing to consider that motion on November 15, 2012. The Court denied Defendants' motion and declined to issue the requested injunction.

At the same hearing on November 15, 2012, the Court expressed doubt about the Defendants' standing to challenge the Town's yellow bag law as an illegal user fee or tax in its

4

fifth counterclaim.  Therefore, the Defendants now seek leave of the Court to join Jose Perez

("Perez"), a resident of the Town of Southold and to add as a sixth counterclaim the same

challenge to the yellow bag law but with Perez as the named counterclaim plaintiff.

The Plaintiff opposes these amendments as futile, claiming that the yellow bag program

is neither a user fee nor a tax.  Rather, they insist that the law is a valid exercise of the Town's

State-Approved Local Solid Waste Management Program in furtherance of the Town's mandate

from the State to reduce waste going into landfills or incinerators by requiring as much recycling

and reuse as possible.  In reply, the Defendants cite authority purportedly supporting their

contention that a fee, even when part of a town sanitation program, can be characterized as an

illegal tax.

## II. DISCUSSION

Even where the parties do not adequately raise the issue, the district court can inquire sua

sponte as to whether subject matter jurisdiction exists.  See Durant, Nichols, Houston, Hodgson,

& Cortese-Costa P.C. v. Dupont, 565 F.3d 56, 62 (2d Cir. 2009) ("If subject matter jurisdiction is

lacking and no party has called the matter to the court's attention, the court has the duty to

dismiss the action sua sponte."); Joseph v. Leavitt, 465 F.3d 87, 89 (2d Cir. 2006) ("[W]e have

an independent obligation to consider the presence or absence of subject matter jurisdiction sua

sponte."); Poindexter v. Nash, 333 F.3d 372, 383 (2d Cir. 2003) ([I]f the parties do not call a

[subject matter] jurisdictional defect to the attention of the court, the court has the duty to raise it

sua sponte."); Stewart v. Altwood, 834 F. Supp. 2d 171, 177 (W.D.N.Y. 2012) ("Regardless of

whether the issue is raised by the parties, a district court is required to inquire into and determine

whether federal subject matter jurisdiction in a removed action exists."); Fed. R. Civ. P. 12(h)(3)

("If the court determines at any time that it lacks subject-matter jurisdiction, the court must

dismiss the action.").  "[L]ack of subject matter jurisdiction cannot be waived." In re Stock

Exchanges Options Trading Antitrust Litig., 317 F.3d 134, 151 (2d Cir. 2003). See also New

York v. Shinecock Indian Nation, 686 F.3d 133, 138 (2d Cir. 2012) ("[Subject matter]

[j]urisdiction cannot be created by the consent of the parties.").  This Court will now proceed to

review whether the requisite subject matter exists for it to exercise jurisdiction over this removed

action.

## A. Legal Standard for Removal

A cause of action that was initially filed in state court may be removed by a defendant

where "the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).

Accordingly, a prerequisite for removal jurisdiction is that the court has the power to exercise

original jurisdiction.  See, e.g., Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425,

96 L. Ed. 2d 318 (1987) ("Only state-court actions that could have been filed in federal court

may be removed to federal court by the defendant.")

Pursuant to 28 U.S.C. § 1331, the district courts have original jurisdiction over all civil

actions arising under the United States Constitution and the laws and treaties of the United

States.  The Section 1331 federal question determination requires a limited inquiry, looking only

at the Plaintiff's original cause of action to ascertain whether it includes a federal question while

ignoring any and all answers, defenses and counterclaims.  Holmes Group, Inc. v. Vornado Air

Circulation Systems, Inc., 535 U.S. 826, 831-32, 122 S. Ct. 1889, 153 L. Ed. 2d 13 (2002)

(refusing to consider a patent law counterclaim in determining whether federal question

jurisdiction existed); Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.,

463 U.S. 1, 10, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983) ("[A] defendant may not remove a case

to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal

law.") (emphasis in original); Louisville & Nashville R.R. v. Mottley, 211 U.S. 149, 152, 29 S.

Ct. 42, 53 L. Ed. 126 (1908) (holding that subject-matter jurisdiction must exist in the plaintiff's

original cause of action, regardless of the likelihood that a federal question will arise in the

course of litigation).

This "well-pleaded complaint rule" has been adopted and applied by the Second Circuit.

Fleet Bank, Nat'l Ass'n v. Burke, 160 F.3d 883, 886 (2d Cir. 1998) ("[The well-pleaded

complaint] rule requires a complaint invoking federal question jurisdiction to assert the federal

question as part of the plaintiff's claim and precludes invoking federal question jurisdiction

merely to anticipate a federal defense.") (internal citations omitted); Hernandez v. Conriv Realty

Assocs., 116 F.3d 35, 38 (2d Cir. 1997) ("[A] case may be filed in federal court only if a federal

question appears on the face of the plaintiff's 'well-pleaded-complaint.'").

The rule governs in cases of removal as well.  Caterpillar, 482 U.S. at 392 ("The presence

or absence of federal-question jurisdiction [in a removed case] is governed by the 'well-pleaded

complaint rule,' which provides that federal jurisdiction exists only when a federal question is

present on the face of the plaintiff's properly pleaded complaint.") (citing Gully v. First Nat'l

Bank, 299 U.S. 109, 112 –13, 57 S. Ct. 96, 81 L. Ed. 70 (1936) (Cardozo, J.)).

Accordingly, in a case of removal based on federal question jurisdiction, the relevant

inquiry is whether the plaintiff would have been entitled to file its complaint originally in federal

court rather than state court.  Specifically, the court must evaluate whether a plaintiff's original

cause of action arises under the United States Constitution or Federal Law.

Moreover, when considering the propriety of removal, the court must bear in mind its

limited jurisdiction and the significant federalism concerns implicated upon removal.  Town of

Moreau v. N.Y. State Dept. of Envtl. Conservation, No. 96-CV-983, 1997 WL 243258, at *1

(N.D.N.Y. May 5, 1997) (citing and quoting Prod. Stamping v. Md. Cas., 829 F. Supp. 1074,

1075 (E.D.Wis.1993)) ("There are several well-established principles governing the propriety of

removal petitions under Section 1446, which the court must keep in mind . . . ." ) (internal

quotation marks, citation and alterations omitted); In re NASDAQ Market Makers Antitrust

Litig., 929 F. Supp. 174, 178 (S.D.N.Y. 1996) (citing Shamrock Oil & Gas Corp. v. Sheets, 313

U.S. 100, 109, 61 S. Ct. 868, 85 L. Ed. 1214 (1941)) ("Due regard for the rightful independence

of state governments, which should actuate federal courts, requires that they scrupulously

confine their own jurisdiction to the precise limits which the statute has defined.").  See also

State of New York v. Lutheran Center for the Aging, Inc., 957 F. Supp. 393, 397 (E.D.N.Y.

1997) ("Removal statutes are to be strictly construed.").  Thus, "all doubts should be resolved in

favor of remand."  Leslie v. BancTec Serv. Corp., 928 F. Supp. 341, 347 (S.D.N.Y. 1996)

(internal quotation marks and citations omitted).

**B. As to Whether Plaintiff's Original Cause of Action Arises Under the United States Constitution or Federal Law.**

**1. The Well-Pleaded Complaint Rule**

The Defendants claim that subject matter jurisdiction exists because a complete and well-

pleaded statement of the Plaintiff's claim would include the fact that Go Green's license to

operate in the Town was revoked without notice and a hearing.  This failure, they posit, gives

rise to the federal due process and civil rights questions enumerated in their Answer with

Counterclaims. (Notice of Removal ¶¶ 16–20.)  The Court disagrees.

Regardless of whether a well-pleaded complaint should appear as the Defendant contends

it should, the Plaintiff's original cause of action does not and would not arise under the

Constitution, laws or treaties of the United States.  The Plaintiff's claim is a simple state law

cause of action – seeking an injunction against local actors for violating the Town Code.  Any

8

federal question is only properly raised by the Defendants in their Answer including

Counterclaims.  The alleged unconstitutionality and federal illegality of the Plaintiff's behavior

has no place in a well-pleaded complaint seeking injunctive relief against the Defendant.  See,

e.g., Mottley, 211 U.S. at 153 (explaining that a well-pleaded complaint does not "go into any

matter of defenses which the defendants might possibly set up" even to "show that a federal

question might or probably would arise in the course of the trial of the case.") (quoting Boston &

Mo. Consol. Copper & Silver Mining Co. v. Mont. Ore Purchasing Co., 188 U. S. 632, 638, 23

S. Ct. 434, 47 L. ed. 626 (1903) (Peckham, J.)).  See also Rivet v. Regions Bank of La., 522 U.S.

470, 475, 118 S. Ct. 921, 139 L. Ed. 2d 912 (1998) ("A defense is not part of a plaintiff's

properly pleaded statement of his or her claim."); Briarpatch Ltd. v. Phoenix Pictures, Inc., 373

F.3d 296, 303 (2d Cir. 2004) ("The claims established by the well-pleaded complaint must

necessarily be determined from the plaintiff's statement of his or her own claim, not including

statements raised in anticipation or avoidance of possible defenses that may be interposed.");

Fed. R. Civ. P. 8(a) (requiring a "short and plain" statement of the claim, presumably without

background information relating to the plaintiff's actions which might form a basis for the

defense).

  Thus, while the well-pleaded complaint that the Defendants envision would give rise to

and set the stage for the federal claims in the Counterclaims in the Defendants' Answer, those

federal questions are not part of the original cause of action.  Accordingly, they are not

considered when evaluating subject matter jurisdiction.  See, e.g., Mottley, 211 U.S. at 152

(dismissing the action for lack of subject matter jurisdiction while ignoring the inevitable federal

question presented by the case, namely, a challenge to the constitutionality of the statute that

formed the basis of the complaint, because such a challenge would only properly be raised in the

Answer).  See also Sullivan v. American Airlines, 424 F.3d 267, 271 (2d Cir. 2005) (citing

Rivet, 522 U.S. at 475) ("The well-pleaded complaint rule mandates that in assessing subject-

matter jurisdiction, a federal court must disregard allegations that a well-pleaded complaint

would not include – e.g., allegations about anticipated defenses.").

   The Second Circuit has consistently dismissed cases removed to its federal district courts

where subject matter jurisdiction could not be justified based on the plaintiff's original well-

pleaded complaint.  See, e.g., New York v. Shinecock Indian Nation, 686 F.3d 133, 135-36 (2d

Cir. 2012); Sullivan, 424 F.3d at 271 (explaining that the court only considers the well-pleaded

allegations in the complaint when determining if subject matter jurisdiction exists on the basis of

a federal question).  For instance, in Shinecock Indian Nation, the State of New York ("the

State") sued the Shinecock Indian Nation ("the Nation") in New York State Supreme Court.  686

F.3d at 135–36.  The State sought to prevent the Nation from continuing to build a casino

without first complying with State law.  Id. at 136.  The State's complaint alleged and relied on

its conclusion that federal law did not authorize the Nation to construct the casino in violation of

state and local law.  Id.  The Nation removed the case to federal court based on the federal

questions presented in the State's complaint and the District Court denied the State's motion to

remand.  Id.

   However, the Second Circuit applied the well-pleaded complaint rule and instructed that

the case be remanded back to State court.  Id. at 138-39, 142.  The Second Circuit explained that

"[b]ecause the complaint's references to federal law only anticipate and refute the [Nation]'s

defenses, they do not give rise to federal question jurisdiction."  Id. at 139.  District courts in this

circuit have followed suit.  See, e.g., Vill. of Baxter Estates v. Rosen, No. 12 CV 2851, 2012 WL

3779412(MKB), at *2 (E.D.N.Y. Aug. 30, 2012) (explaining that the well-pleaded complaint

rule required remanding the case since no federal question appeared on the face of the complaint); In re Lehman Bros. Sec. & Erisa Litig., No. 09 MD 02017(LAK), 2012 WL 983561, at *1, *5 (S.D.N.Y. Mar. 22, 2012) (applying the well-pleaded complaint rule and remanding the case, sua sponte, to state court); Spidella v. Donnelly, No. CV 06-3463(SJ)(JO), 2006 WL 2064981, at *1 (E.D.N.Y. July 24, 2006) ("The well-pleaded complaint doctrine requires a remand in this case."); Studebaker-Worthington Leasing Corp. v. Michael Rachlin & Co., 357 F. Supp. 2d 529, 533, 536 (E.D.N.Y. 2004) (applying the well-pleaded complaint rule and remanding the case to state court because no federal question was presented in pleadings until the defendant's counterclaim).  See also County of Nassau v. New York, 724 F. Supp. 2d 295, 301 – 02 (E.D.N.Y. 2010) (applying the well-pleaded complaint rule and explaining that "federal jurisdiction does not exist simply because a state law claim may implicate a federal issue").

### 2.  The Artful-Pleading Exception

A corollary to the well-pleaded complaint rule is the artful-pleading doctrine.  Rivet, 522 U.S. at 471 ("As a corollary to the well-pleaded defense rule, a plaintiff may not defeat removal by omitting to plead necessary federal questions.  If the plaintiff thus 'artfully pleads' a claim, a court may uphold removal even though no federal question appears on the face of the complaint.") (internal quotation marks and citations omitted); Sullivan, 424 F.3d at 271 ("The artful-pleading doctrine, a corollary to the well-pleaded-complaint rule, rests on the principle that a plaintiff may not defeat federal subject-matter jurisdiction by 'artfully pleading' his complaint as if it arises under state law where the plaintiff's suit is, in essence, based on federal law."). Under the artful-pleading doctrine corollary to the well-pleaded complaint rule, the court, in determining subject-matter jurisdiction, may look beyond the complaint and also consider improperly omitted claims and allegations.  See, e.g., In re Facebook, Inc., IPO Sec.and

Derivative Litig., No. 12 Civ. 6439, 2013 WL 525191, at *10 (S.D.N.Y. Feb. 13, 2013) (denying

the plaintiff's motion to remand the case under the well-pleaded complaint rule because the case,

although pleaded under state law, involved significant questions of federal law).

However, this exception is applied only in limited circumstances.  DeCarlo v. Archie

Comic Publ'ns, 11 F. App'x 26, 28 (2d Cir. 2001) (quoting Travelers Indem. Co. v. Sarkisian,

794 F.2d 754, 758 (2d Cir.1986)) ("[I]n certain limited circumstances a plaintiff may not defeat

removal by clothing a federal claim in state garb, or, as it is said, by use of 'artful pleading[.]'")

(internal quotation marks omitted).  The district courts have identified only two such limited

circumstances for application of the artful-pleading doctrine: cases of preemption and cases

where the Plaintiff chooses state court to avoid the consequences of prior federal litigation.

Greenfield v. Nat'l Westminster Bank USA, 846 F. Supp. 302, 305 (S.D.N.Y. 1994) ("Cases in

which federal courts have permitted removal based on 'artful pleading' fall into two categories:

(1) where preemption has eliminated the legal foundation of plaintiff's state law causes of action;

and (2) where plaintiff chooses a state forum in order to evade the consequences of prior federal

litigation.") (internal citations omitted).  See also Bill Wolf Petro. v. Vill. of Port Washington N.,

489 F. Supp. 2d 203, 207 (E.D.N.Y. 2007) (citing and quoting Greenfield, 846 F. Supp. at 305).

This case presents neither a question of pre-emption nor does it appear that the Plaintiff chose

State court to avoid any consequences of prior federal litigation.  Consequently, the artful-

pleading exception to the well-pleaded complaint rule is unavailable.

**3.  The Substantial Federal Question Exception**

Another exception to the well-pleaded complaint rule exists where relief depends on

resolution of substantial questions of federal law.  See, e.g., Grable & Sons Metal Prods., Inc. v.

Darue Eng'g & Mfg., 545 U.S. 308, 312, 125 S. Ct. 2363, 162 L. Ed. 2d 257 (2005) ("a federal

court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law"). However, this case does not necessarily require a court to reach a federal question.

In Grable, the Supreme Court formulated a test for the substantial federal question exception to the well-pleaded complaint rule. In this regard, "the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Id. at 314. "The Supreme Court has described this basis for federal subject matter jurisdiction as 'special,' 'small' and 'slim.'" County of Nassau, 724 F. Supp. 2d at 302 (citing Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 699, 701, 126 S. Ct. 2121, 165 L. Ed. 2d 131 (2006)). The present case does not raise an inevitable question of federal law.

Where the court does not necessarily have to reach a federal question, such as where certain facts, if proven, would allow for resolution without deciding federal questions, the case does not "turn on substantial questions of federal law," Id. at 312, and the well-pleaded complaint rule governs as usual. In Shinecock Indian Nation, the court found that the claims asserted did not necessarily raise a federal issue because scenarios existed where the case could have been resolved without reaching the federal question. 686 F.3d at 140. "For example, if the [Nation] were to have established that their construction of the casino complied with state and local law, the court could have resolved the case without reaching the federal issues." Id. Because the federal question was not inevitable from the face of the complaint, the "substantial federal question exception" did not apply. Id. at 140-41. Thus, the Second Circuit has made

13

clear that the substantial federal question exception is to be construed very narrowly and applied only in cases where a substantial federal question is truly inevitable.

The present case does not inevitably turn on resolution of the federal questions presented. For example, if this Court would have found that the Town violated its own code in revoking the Defendants' permit without a hearing and that the yellow bag law was beyond the Town's power under its own laws, there would be no need to reach the federal questions presented in this case. Similar to and even more so than in <u>Shinecock Indian Nation</u>, this case does not inevitably turn on substantial questions of federal law.  Therefore, the well-pleaded complaint rule governs and federal question jurisdiction must be apparent from the face of the Plaintiff's well-pleaded complaint.  That is not the case and the Court finds that this Court lacks subject matter jurisdiction to hear this case.

To put matters simply, the Plaintiff's original Complaint, whether as filed or the well-pleaded version envisioned by the Defendants in their Notice of Removal, does not arise under the Constitution, laws or treaties of the United States.  It presents no federal question and does not inevitably turn on a federal issue.  For those reasons, this Court lacks original jurisdiction under the provisions of 28 U.S.C. § 1331.  Without original jurisdiction, this Court cannot exercise removal jurisdiction in accordance with 28 U.S.C. § 1441.  Therefore, this case is hereby remanded to Supreme Court of the State of New York pursuant to 28 U.S.C. § 1447(c).

### III. CONCLUSION

For the foregoing reasons outlining this Court's lack of subject matter jurisdiction, it is hereby

**ORDERED** that this action be remanded to the New York State Supreme Court, County of Suffolk; and it is further

**ORDERED** that the Clerk of the Court is directed to close the case.

**SO ORDERED.**
Dated: Central Islip, New York
June 12, 2013

_____/s/ Arthur D.Spatt_____
ARTHUR D. SPATT
United States District Judge